991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore S. BLEDSOE, Plaintiff-Appellant,
v.
Louis E. BRUCE, Steven J. Davies, Defendants-Appellees.
 No. 92-3220.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1993.
 
 Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a summary judgment in favor of the defendants in this civil rights action. The summary judgment was entered in response to a motion for summary judgment filed on April 4, 1991, on behalf of the defendants, by their counsel, the Attorney General of the State of Kansas.
 
 
 3
 On December 11, 1992, we directed the attorney general to file a brief on appeal and to respond to questions set out in the order. A copy of the order is attached hereto and made a part hereof.
 
 
 4
 The brief which we received in response is not submitted by the attorney general, but by private counsel. That lawyer has not entered an appearance on appeal in this case. The only appearance is by an assistant attorney general, whose name is not on the brief. The brief itself was returned twice by the clerk of court for noncompliance with the rules of the court. In order to not further prolong this matter, we will treat the brief as the attorney general's response to our order.
 
 
 5
 Among the questions to which a response was directed, the attorney general was asked to explain the propriety of seeking a summary judgment when more than 100 pages of exhibits, unauthenticated by affidavit or otherwise, were included. We also asked how such exhibits could properly have been considered by the district court. In the brief filed in response two answers are given to this question: (1) Mr. Bledsoe stipulated to the authenticity of the exhibits during the pretrial conference, as shown by the pretrial order entered on July 1, 1991; and (2) the district court did not grant the motion for summary judgment but, rather, dismissed Mr. Bledsoe's complaint under Fed.R.Civ.P. 12(b)(6). Under this latter theory, according to the brief, all of the exhibits attached to the answer were properly considered by the district court as part of the "pleadings." Neither answer addresses the question directly, and both are trivial.
 
 
 6
 The pretrial order contains the following stipulation at paragraph 6: "[P]laintiff's medical records may be received in evidence without foundation proof." (Emphasis added). The same is said with respect to "institutional records." That stipulation not only did not identify specific documents which may be admitted without foundation, or how each exhibit attached to the defendants' answer did or did not relate (paragraph 10 of the pretrial order required both sides to exchange proposed exhibits twenty days prior to trial), it was referring to the admission of exhibits at trial, and then only if offered, i.e., they were not yet "received in evidence."
 
 
 7
 Any disposition under Rule 12(b)(6) requires the district court to regard "the factual allegations in the complaint [as] true...." Neitzke v. Williams, 490 U.S. 319, 326 (1989). See, e.g., Northington v. Jackson, 973 F.2d 1518, 1522 (10th Cir.1992) ("[A] complaint may not be dismissed pursuant to Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' See Conley [v. Gibson ], 355 U.S. at 45-46. ... The court is to accept all allegations as true and make a legal determination regarding whether the allegations state a claim."). The allegations of the complaint are to be construed "in the light most favorable" to the plaintiff. Brower v. Inyo County, 489 U.S. 593, 598 (1989). And, the rule itself explains how it converts to a Rule 56 proceeding when matters outside "the pleading" are presented to and considered by the district court. The rule is so clear, and these principles are so well established, and so obvious, that they should not require repeating here for the benefit of counsel.
 
 
 8
 It is frivolous to contend that Mr. Bledsoe's complaint cannot survive a motion to dismiss under Rule 12(b)(6). It is equally frivolous to argue that the more than 100 pages of exhibits from which appellees' counsel, both below and in this court, make repeated arguments on disputed facts, were properly before the district court for purposes of either Fed.R.Civ.P. 12(b)(6) or 56.
 
 
 9
 Other answers submitted in the appellees' brief in response to our order are equally unsatisfactory, and some of our questions were either not answered directly or not answered at all. However, we need not pursue the matter further. The judgment entered by the district court in this case was improper.
 
 
 10
 Mr. Bledsoe's motion to proceed on appeal without prepayment of costs or fees is GRANTED. The district court's judgment in favor of the defendants is REVERSED, and the case is REMANDED for further proceedings. On remand, the district court is urged to review the state of this file from its inception, including counsel's noncompliance with the rules, and the quality of counsel's representations made to the district court. The clerk of this court is directed to place a copy of the appellees' brief on appeal in the district court file, and to mail a copy of this Order and Judgment, and the said brief, to Robert T. Stephan, Attorney General of the State of Kansas, marked for his personal attention. The mandate shall issue forthwith.
 
 ATTACHMENT
 ORDER
 
 11
 December 11, 1992.
 
 
 12
 The defendants/appellees, through their attorney, the Attorney General of the State of Kansas, are directed to file by January 11, 1993, an answer brief to the plaintiff/appellant's brief on appeal. The appellant, Theodore S. Bledsoe, is permitted, but not required, to file a reply to the appellees' brief no later than January 29, 1993.
 
 
 13
 In addition to other issues addressed by the appellees in their answer brief, the appellees shall respond to the following:
 
 
 14
 1. Cite and explain the authority permitting the appellees, in their motion and argument on summary judgment in the district court, to incorporate into the record by reference to their answer, more than 100 pages of exhibits unauthenticated by affidavit or otherwise; and the authority which permitted the district court to consider such material in reaching its decision. See, e.g., Fed.R.Civ.P. 56(e); Canada v. Blaine's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987); Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir.1980); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2722 at 58-60 (2d ed. 1983).
 
 
 15
 2. The record shows that on August 30, 1990, the appellant filed a document seeking to prevent the district judge who handled this case from sitting on the case due to alleged bias, and other reasons. This pleading is in substance a motion to recuse. The record does not disclose any ruling with respect to this pleading. Explain why the court was not required to dispose of that motion before proceeding further. See, e.g., Bell v. Chandler, 569 F.2d 556, 559 (10th Cir.1978); Hinman v. Rogers, 831 F.2d 937, 938-40 (10th Cir.1987).
 
 
 16
 3. In his complaint the appellant alleges that he was transferred twice, once in December, 1989, and once on or about July 12, 1990, solely to interfere with his access to the state courts. (See also Appellant's affidavit in the district court, filed April 19, 1991). Identify in the record the specific exhibits or affidavits showing that those transfers were made at the appellant's request, or for specified treatment, or for any other valid penological reason, as shown on the face of the exhibit or affidavit.
 
 
 17
 4. In pleadings and other materials filed subsequent to the complaint, appellant amplified his claims. For example, in his answer to the motion to dismiss (contained in the prayer for relief in the defendant's answer to the complaint), appellant alleges that as a result of being forced to do work beyond his capacity due to disability, he now must use crutches. Some other allegations are: he was forced to work eight hours a day for five months mopping floors, and later, manual labor laundry work. (Response to Pretrial Order). He was denied an examination by a doctor for twenty-two months, despite requests; medical records have been falsified; he has been made a cripple by forced labor and denial of treatment, etc. (Plaintiff's Opposition to Defendants' Motion).
 
 
 18
 May and should these additional allegations be taken into account: as amendments to or otherwise part of the complaint? As the equivalent of affidavits which the district court was required to consider in ruling on the motion for summary judgment?
 
 
 19
 5. The file indicates that appellant was designated for light work "without long standing or lifting," due to his physical condition, on various occasions, beginning as early as December 30, 1988. See, e.g., memo to unit team 2/8/89. What exhibits or affidavits demonstrate no genuine issue of material fact regarding appellant's contention that he was forced to do manual labor most of 1989 and several months into 1990, which labor was beyond his capacity due to disability and caused him suffering, and (if it may be inferred) an abnormal degeneration of his physical condition to the point of becoming a cripple forced to use crutches.
 
 
 20
 6. What exhibits, including affidavits, show appellant received medical care, evaluation and treatment for his back condition during the period from January, 1989, through June, 1990? What exhibits show specific requests for such care?
 
 
 21
 7. What authority controls the weight to be given previous total disability ratings by state and federal agencies, in evaluating allegations such as those made by the appellant in this case?
 
 
 22
 8. The district court's Memorandum and Order filed June 5, 1992, states that appellant failed to state a claim upon which relief could be granted, citing Fed.R.Civ.P. 12(b)(6). The court then concludes that therefore summary judgment is granted. Is the ruling of the district court to be construed under 12(b)(6) standards?
 
 
 23
 9. The district court's order, referred to above, grants qualified immunity. State what authority and facts directly support a grant of qualified immunity in this case, where Estelle v. Gamble, 429 U.S. 97 (1976), and Bounds v. Smith, 430 U.S. 817, 828 (1977), issues are raised.
 
 
 24
 The record in this case is being returned to the clerk of the district court for use by the parties in preparing their briefs. The clerk of the district court shall transmit the record back to the clerk of this court no later than February 1, 1993.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3