9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore S. BLEDSOE, Plaintiff-Appellant,
v.
Gary STOTTS and Nadine K. Belk, Defendants Appellees.
 No. 93-3231.
 United States Court of Appeals, Tenth Circuit.
 Nov. 5, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Bledsoe, a state inmate and pro se litigant, appeals the district court's order dismissing his 42 U.S.C.1983 complaint pursuant to 28 U.S.C.1915(d). We grant Mr. Bledsoe permission to proceed in forma pauperis. We exercise jurisdiction pursuant to 28 U.S.C. 1291, and we reverse in part and affirm in part.
 
 
 3
 Mr. Bledsoe alleged in his complaint that he was transfered from a minimum security prison to an overcrowded maximum security prison. He alleged "this transfer took place shortly after the officials knew a hearing was to take place ... in a case [Mr. Bledsoe] was pursuing against the Kansas Parole Board."
 
 
 4
 The district court ordered defendants to file a Martinez report, and upon receipt of the report, the district court dismissed Mr. Bledsoe's complaint as "unsupported" and frivolous. The basis of the district court's decision was: (1) the Martinez report showed the purpose of Mr. Bledsoe's transfer was for medical reasons (maintenance service for Mr. Bledsoe's back brace); (2) Mr. Bledsoe's attendance at the state court hearing was deemed unnecessary by the state trial court judge; and (3) the Martinez report showed the alleged overcrowding was approved by the federal court. The record fails to show Mr. Bledsoe was given notice or an opportunity to respond to the Martinez report.
 
 
 5
 In his pro se brief to this court, Mr. Bledsoe asserts: (1) "The case was dismissed on false accusations my back brace was supose [sic] to have been replaced"; and (2) "I was not transferred for medical purposes."
 
 
 6
 Martinez reports are ordinarily used as a means of determining jurisdiction, sorting and clarifying issues, and otherwise elucidating the often obscure complaints filed by pro se plaintiffs. El'Amin v. Pearce, 750 F.2d 829, 832 (10th Cir.1984); Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978). A Martinez report cannot resolve material disputed factual issues when they are in conflict with the pleadings. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Once the state has filed a Martinez report, a district court may not rely thereon to resolve contested issues of fact without first complying with the summary judgment provisions relating to notice and an opportunity to serve opposing affidavits. Hall, 935 F.2d at 1110; see Fed.R.Civ.P. 56.
 
 
 7
 A fair reading of Mr. Bledsoe's pro se complaint reveals an allegation that he was transfered from one prison to another either to interfere with his right to access the courts or in retaliation for exercising his First Amendment rights. In either event this could state a claim under 42 U.S.C.1983. See Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). The mere fact of a prisoner transfer, standing alone, would, of course, implicate no federal rights. However, the use of a Martinez report to destroy this allegation without notice to Mr. Bledsoe or without giving Mr. Bledsoe an opportunity to respond is error.
 
 
 8
 We now turn our attention to Mr. Bledsoe's allegation of "overcrowding." This is a conclusion unsupported by any factual statements. Conclusory allegations without supporting factual averments are insufficient in a case such as this. Hall, 935 F.2d at 1110. This court is free to affirm a judgment of the district court if affirmance is dictated upon grounds other than those employed by the district court.
 
 
 9
 The judgment of the district court is REVERSED insofar as it dismisses Mr. Bledsoe's claim relating to a prison transfer. The judgment of the district court is AFFIRMED insofar as it relates to the issue of overcrowding. The case is REMANDED to the district court for such other and further proceedings as may be just and proper.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3