82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore S. BLEDSOE, Plaintiff-Appellant,
v.
Gary STOTTS, Nadine K. Belk, Defendants-Appellees.
Theodore S. BLEDSOE, Plaintiff-Appellant,
v.
Louis E. BRUCE, Steven J. Davies, Defendants-Appellees.
 Nos. 95-3189, 95-3194.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Theodore S. Bledsoe appeals the district court's entry of judgment for defendants in these two cases. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 Mr. Bledsoe filed two actions pursuant to 42 U.S.C.1983. He alleged the four defendants denied him adequate medical care and violated his right to due process by transferring him among prison facilities in order to deny him access to the courts.
 
 
 3
 On appeal from Bledsoe v. Stotts, No. 92-3432-DES, 1993 WL 290248 (D.Kan. July 16, 1993), we affirmed in part and reversed and remanded the case as to Mr. Bledsoe's claim of denial of access to the courts. See Bledsoe v. Stotts, 9 F.3d 116, 1993 WL 451366, at * * 2 (10th Cir. Nov. 5, 1993). We reversed the district court's order in Bledsoe v. Bruce, No. 90-3342-S, 1992 WL 167280 (D. Kan. June 5, 1992), and remanded for further proceedings. See Bledsoe v. Bruce, 991 F.2d 805, 1993 WL 96894, at * * 2 (10th Cir. Mar. 31, 1993).
 
 
 4
 Mr. Bledsoe thereafter appealed the court's grant of summary judgment to defendants on some of his claims in No. 90-3342-S. We dismissed that appeal as it was taken from a nonfinal order. See Bledsoe v. Bruce, No. 95-3033 (10th Cir. July 17, 1995). Meanwhile, the district court had consolidated the two cases, held a bench trial on the remaining claims, and entered judgment for defendants. Mr. Bledsoe timely appeals from the court's final judgment.
 
 
 5
 Mr. Bledsoe argues the district court erred in holding he was not denied adequate medical care or access to the courts. He also asserts the district court failed to consider an affidavit he had submitted and erred in refusing to subpoena his witnesses and in denying his motion to recuse. Mr. Bledsoe contends defendants failed to answer questions posed by this court in its order directing briefing on appeal by defendants. See Bledsoe, 1993 WL 96894, at * * 2-* * 4.
 
 
 6
 We review a district court's order granting summary judgment de novo applying the same legal standard used by the district court. Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 We review the district court's factual findings made following trial for clear error giving due regard to the trial court's opportunity to judge the credibility of the witnesses. Salve Regina College v. Russell, 499 U.S. 225, 233 (1991)(citing Fed.R.Civ.P. 52(a)). Further, we accept the trial court's resolution of conflicting evidence. See, e.g., United States v. McIntyre, 997 F.2d 687, 708 (10th Cir.1993), cert. denied, 114 S.Ct. 736 (1994).
 
 
 8
 We review the district court's decision on whether to subpoena witnesses for an abuse of discretion. See, e.g., United States v. Greschner, 802 F.2d 373, 378 (10th Cir.1986), cert. denied, 480 U.S. 908 (1987). We also review the court's denial of a motion to recuse for an abuse of discretion. Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir.1987).
 
 
 9
 The parties are familiar with the facts. Proceeding under the proper standards, we have reviewed the record, the parties' briefs, and the applicable law. We find no reversible error. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument